UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DERRICK BROOKS,

                    Plaintiff,

v.

RYAN P. BRENNAN, Secure Care Treatment Aide, CNYPC; CHRISTOPHER D. SMITH, Secure Care Treatment Aide, CNYPC; LAURA SMITH-CREASER, R.N., Ward Nurse/Supervisor for Ward 605, CNYPC; JEFF NOWICKI, Chief of Mental Health Treatment Services, CNYPC; DR. TERRI MAXYMILLIAN, Director of Mental Health Treatment Services, CNYPC; MAUREEN BOSCO, Acting Executive Director of CNYPC; DR. MICHAEL F. HOGAN, Commissioner of Department of Mental Health; BRETT DAVIS, Secure Care Treatment Aide, CNYPC,

                    Defendants.

No. 12-CV-624
(NAM/CFH)

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| DERRICK BROOKS<br>Plaintiff Pro Se<br>#172543<br>Central New York Psychiatric Center<br>P.O. Box 300<br>Marcy, New York 13403 | |
| HON. ERIC T. SCHNEIDERMAN<br>Attorney General for the<br>   State of New York<br>Attorney for Defendants<br>The Capitol<br>Albany, New York 12224-0341 | CATHY Y. SHEEHAN, ESQ.<br>Assistant Attorney General |

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[1]

Plaintiff pro se Derrick Brooks ("Brooks"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brought this action pursuant to 42 U.S.C. § 1983 alleging that defendants, seven named employees at Central New York Psychiatric Center ("CNYPC") and the Commissioner for the New York State Office of Mental Health ("OMH"), violated his constitutional rights under the Eighth Amendment. Compl. (Dkt. No. 1). Pursuant to a Decision and Order dated July 12, 2013, the undersigned's Report-Recommendation and Order was adopted in its entirety, leaving Eighth Amendment claims only against defendants Brennan, Smith, Davis, and Smith-Creaser. Dkt. No. 28. Thereafter, defendants filed motions for summary judgment which were denied. Dkt . Nos. 39, 41, 45, 46. The Decision and Order ultimately denying the motions was returned to the Court as undeliverable. Dkt. No. 47 (envelope reads "return to sender – not deliverable as addressed – unable to forward.").

Subsequently, on January 7, 2015, the Court issued a text order directing Brooks "to notify this Court and defense counsel within twenty days . . . with his current address. Failure to do so will result in the recommendation of dismissal of this action." Dkt. No. 48. The mail was again returned to the Court as undeliverable. Dkt. No. 49. There has been no response or other contact of any kind from Brooks since the Court's telephone conference on April 24, 2014. See Dkt. Minute Entry dated 4/24/2014. For the following reasons, it is recommended that Brooks's case be dismissed pursuant to FED. R. CIV. P. 41(b) and N.Y.N.D.L.R. 41.2(a) for failure to prosecute.

---

[1]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

2

FED. R. CIV. P. 41(b) provides that a court may dismiss an action based upon the failure of a plaintiff to prosecute, comply with an order of the court, or notify the court of a change of address. See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995) ("The district court also has the power under Fed.R.Civ.P. 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute.") (citations omitted); MTV Networks v. Lane, 998 F. Supp. 390, 393 (S.D.N.Y.1998); see also N.D.N.Y.L.R. 41.2 (b) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceed[] diligently, the assigned judge shall order it dismissed."). Since a Rule 41(b) dismissal is a "harsh remedy," it is "appropriate only in extreme circumstances." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Furthermore, where the plaintiff is pro se, "courts 'should be especially hesitant to dismiss for procedural deficiencies. . . .'" Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998) (quoting Lucas, 84 F.3d at 535); see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477(2006). To determine whether dismissal for failure to prosecute is appropriate, courts should consider:

> 1) the duration of plaintiff's failures; 2) whether plaintiff had received notice that further delays would result in dismissal; 3) whether the defendant is likely to be prejudiced by further delay; 4) a balancing of the need to alleviate court calendar congestion with a party's right to due process; and 5) the efficacy of lesser sanctions.

See Patterson v. Newspaper & Mail Deliverers' Union of N.Y. & Vicinity, 884 F. Supp. 869, 872 (S.D.N.Y. 1995); Stoenescu v. Jablonski, 162 F.R.D. 268, 270 (S.D.N.Y.1995).

When evaluating the aforementioned five factors, all compel dismissal. Brooks has not had any contact with the Court for over eight months. This failure alone is detrimental as it seems apparent that there is no end in sight, thus indicating his desire to discontinue suit.

3

See N.D.N.Y.L.R. 41.2(a) ("[T]he plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution.").

It appears sometime during the last eight months, Brooks was released from CNYPC. To the extent that Brooks could contend that he failed to receive the above notices and orders, such failures stem from Brooks's failure to comply with the local rules and provide the Court with an updated address. See N.D.N.Y.L.R. 10.1(c)(2) ("**All . . . pro se litigants must immediately notify the Court of any change of address.**"). The text order issued by the Court on January 7, 2015 explained that a failure to respond and update his address would result in a recommendation to dismiss his case. The notification was proper. The fact that Brooks did not receive it based on his failure to comply with the local rules cannot be imputed upon the Court. Accordingly, the first two factors weigh in favor of dismissal.

The prejudice to defendants from Brooks's continued failures results primarily in the inability of defendants to conclude the present litigation. Defendants have diligently defended the instant action, filing two motions for which one was successful in dismissing half of the defendants from the case. Now that final trial preparations are upon the parties, Brooks's absence from participation in pretrial proceedings and failure to move the litigation towards its final stage results in defendants being held in a state of flux.

The need to alleviate court calendar congestion also compels dismissal. This case, which is not unduly complex, has been pending for almost three years. The guideline for completion of cases in this district is eighteen months. See N.D.N.Y. Gen. Order 25 (directing the timely progression of civil actions). With this delay must also be balanced Brooks's right to due process. Brooks's right to due process has been scrupulously honored here. Thus, in these circumstances, the balance of these factors weighs in favor of

4

the need to alleviate court congestion.

Against this must be balanced the efficacy of lesser sanctions than dismissal. Courts have "broad discretion to enforce discovery obligations and may, in appropriate circumstances, use the extreme sanction of a default judgment . . . ." United States v. Aldeco, 917 F.2d 689, 690 (2d Cir. 1990) (citations omitted); Fed. R. Civ. P. 37(d). As discussed supra, Brooks would have received adequate notice concerning the consequences of his failures had he continued to remain active in his litigation and comply with the Local Rules. Thus, the only question that remains is whether the sanction of dismissal is appropriate. Lesser sanctions are insufficient to address the prejudice to defendants. Monetary sanctions would be empty gestures in light of Brooks's in forma pauperis status. Given the procedural posture of the case, trial preparations need to be completed and without Brooks's participation the case cannot continue.

Consideration of these factors, therefore, compels the conclusion that dismissal of the action affords the only reasonable method of addressing Brooks's failures to fulfill his obligations to prosecute this case. No meaningful alternative but dismissal is left.

Accordingly, it is recommended that this case be **DISMISSED** in its entirety as to all claims and all defendants pursuant to Fed. R. Civ. P. 41 and N.D.N.Y.L.R. 41.2(a).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


Dated: January 28, 2015
        Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge